## FRANKE v. ADAMS.

### (Supreme Court, Appellate Term. January 25, 1904.)

1. RES JUDICATA—ACTIONS FOR INSTALLMENTS OF RENT—NEW TRIAL.

Judgment in an action for an installment of rent is res judicata in an action for a subsequent installment, in which the issues are the same; the remedy in case of newly discovered evidence being motion for new trial.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by William B. Franke against George S. Adams. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Charles H. Luscomb, for appellant.

Heyn & Covington, for respondent.

GILDERSLEEVE, J. There are two actions. One action is for the installment of rent alleged to be due from defendant, as tenant,

to plaintiff, as landlord, for the months of July and August, 1903, and the other action is for rent under the same lease alleged to be due for the month of September, 1903. The justice gave judgment for plaintiff in both actions. Defendant appeals.

The pleadings are in writing, and are identical, except so far as the actions are for rent for different months. The complaints allege the making of a lease by plaintiff to defendant of an apartment in premises Nos. 401–407 West End avenue, at a yearly rental of $2,600, payable in equal monthly installments of $216, in advance, on the 1st of each month; that said lease did not expire until October 1, 1903; that defendant paid the rent up to and including March, 1903; that defendant did not pay the rent for April, 1903; that plaintiff brought an action, under the said lease, for the April rent, and recovered judgment for the same; and that defendant left the premises on March 28, 1903, and has not paid the rent for the months of July and August, according to the complaint in the first action, and September, according to the complaint in the second action. The answers admit the lease and the abandonment of the premises on March 28, 1903, by defendant, and allege, as an excuse for such abandonment, that plaintiff failed to keep his agreement to supply electric light and keep the premises in proper condition. The answers admit the nonpayment of the rent, and allege that at the trial of the action for the April rent defendant was unable to get all the testimony relied upon for a defense, and that "since the trial of said action defendant has discovered additional evidence in contradiction to the matter set forth in the complaint and presented upon the trial of the previous action, and materially in support of defendant's defense." When the actions came on for trial, the defendant asked for an adjournment. The minutes read as follows:

"Plaintiff's Counsel: I am ready. I am entitled to judgment on the pleadings. We have nothing to prove. Defendant's Counsel: I ask for an adjournment, and I think we are entitled to it under the answer. Plaintiff's Counsel: We move for judgment. We are entitled to it on the pleadings. The plaintiff need submit no testimony under the pleadings. Defendant's Attorney: On account of the circumstances under which we were placed on the trial of Franke vs. Adams (No. 1) [the action for the April rent], when we had no opportunity to produce all our witnesses, I ask your honor for an opportunity to have a trial, and not to grant judgment for plaintiff, as we desire to submit all our testimony. Plaintiff's Attorney: The plaintiff has nothing to prove, and, besides, is entitled to judgment, because no proof can be submitted by defendant under the pleadings. Defendant's Attorney: If your honor is going to consider the motion for judgment in favor of plaintiff on the pleadings, I ask time in which to submit a brief. The Court: The defendant may have until October 5th to submit memorandum. Case adjourned to October 5th."

On October 5th the justice gave judgment in favor of plaintiff in both actions. Inasmuch as the judgment for the April rent, under the same lease, is admitted to be in force, the doctrine of res adjudicata was properly invoked. If defendant has discovered new evidence since that trial, which he could not have obtained in time for said trial, he can apply for a new trial on such newly discovered evidence. But in the cases at bar the issues are exactly the same as in the action for the April rent, and that judgment is conclusive here as to every

material matter litigated or which might have been litigated in the April action. The question there litigated was defendant's liability on the lease after his abandonment of the premises on March 28, 1903. Whatever defense he has here he might have interposed there.

The judgment should be affirmed, with costs. All concur.